**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUDREY CARTER TAYLOR, : | |
| : | Civil Action No. 09-4196(FLW) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| SQUIBB PHARMACEUTICALS, : | |
| et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

    AUDREY CARTER, Plaintiff <u>pro se</u>
    P.O. BOX 2113
    Trenton, New Jersey 08607

**WOLFSON, District Judge**

    Plaintiff Audrey Carter Taylor (hereinafter "Plaintiff"), brings this action <u>in forma pauperis</u>, alleging that the named defendant, Squibb Pharmaceuticals, discriminated against her with respect to her employment. (Plaintiff's Complaint, pg. 1). The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed <u>in forma pauperis</u> without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a). However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should

be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff brings this action against the defendant, Squibb Pharmaceuticals, located at Route 206, Lawrenceville, New Jersey. (Compl., pg. 1). Plaintiff alleges that she was asked discriminatory questions during her interview and was forced to be trained by a racist person who purportedly gave her work assignments for which she was not trained so that she would be fired. Plaintiff provides no other factual information in support of her claim. She fails to state when the alleged incidents occurred, nor does she name any of the actors alleged to have "discriminated" against her.

Plaintiff asks to be awarded $225 trillion in damages for lost salary, pain and suffering and embarrassment.

## DISCUSSION

**A.  Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.

See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. <u>Id</u>. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed.R.Civ.P.</u> 8(a)(2).[1] Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." <u>Fed.R.Civ.P.</u> 8(d).

>plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

>a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   Failure to State a Claim**

Plaintiff alleges that defendant Squibb Pharmaceuticals[2] discriminated against her, based on her race, by asking discriminatory questions during her hiring interview, by having a "racist" person train her, and by giving her work assignments for which she was not trained so that she would be fired.  This Court will construe this as an employment discrimination claim.

Title VII of the Civil Rights Act of 1964 protects against employment discrimination only on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In order to state a claim for employment discrimination under Title VII, a plaintiff must allege: (1) that she is a member of a protected class; (2) that she is qualified for the position; (3) that she was fired from that position or treated adversely in that position; and (4) that the circumstances of the case give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class or when other similarly situated persons are not

---

[2]   This Court notes that there is no legal business entity known as Squibb Pharmaceuticals located at Route 206 in Lawrenceville, New Jersey.  Squibb Pharmaceuticals merged with Bristol-Myers Corporation in 1989, and has since then been known as Bristol-Myers Squibb.  See http://www.bms.com.  Accordingly, it appears that  plaintiff's allegations of a discrimination claim arising out of her alleged employment at Squibb Pharmaceuticals likely would be time-barred, since Squibb Pharmaceuticals as a separate business entity has not existed after 1989.

6

treated adversely. Jones v. School Dist. Of Philadelphia, 198 F.3d 403, 411 (3d Cir.1999); Waldron v. SL Indus., Inc., 56 F.3d 491, 494 (3d Cir.1995).

Here, Plaintiff does not allege facts sufficient to show that Squibb Pharmaceuticals discriminated against her on the basis of race. While she may have satisfied the first element, that she is a member of a protected class, she has not alleged that she actually was fired from her job due to race. Rather, she admits that she was not trained for the work for which she was allegedly fired. Nor has Plaintiff alleged any facts to show that her job was filled by a person not of her protected class. Consequently, Plaintiff has not alleged facts sufficient to support the necessary elements of an employment discrimination claim, and, the Complaint will be dismissed in its entirety against the defendant accordingly. See Iqbal, 129 S.Ct. at 1950.

**CONCLUSION**

For the reasons set forth above, this Court will dismiss without prejudice Plaintiff's Complaint, in its entirety, as against the named defendant, for failure to state a claim upon which relief may be granted at this time.  An appropriate Order accompanies this Opinion.

                                           /s/ Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge

Dated: March 19, 2010